### Croll *v.* Miller et al., Appellants.

Argued October 18, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER and RHODES, JJ.

*Wayland H. Elsbree,* with him *White & Clapp,* for appellants.

*Delbert T. Kirk,* for appellee.

OPINION BY CUNNINGHAM, J., November 22, 1938.

When a proper application of the principles of law announced by our Supreme Court in *Lente v. Luci,* 275 Pa. 217, 119 A. 132, and repeated and illustrated by this court in the recent cases of *Rednock v. Westmoreland Coal Co.,* 132 Pa. Superior Ct. 89, 94-96, 200 A. 114, and *Casper v. State Workmen's Insurance Fund et al.,* 132 Pa. Superior Ct. 96, 102-107, 200 A. 186, is made to the facts found by the referee and adopted by the board in this workmen's compensation case, it is apparent that the judgment entered by the court below upon the award must be reversed.

The claimant has been paid, or tendered payment, for the permanent loss of the use of her right arm, but sought, and was awarded, additional compensation upon the ground that she was totally disabled.

On March 8, 1933, claimant, while in the course of her employment as a presser, fell and fractured her right elbow. An open agreement was executed providing for the payment of compensation for total disability at the rate of $8.48 per week beginning March 15th. On August 11, 1936, the employer and its insurance carrier filed a petition under the second paragraph of Section 413 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186, 77 PS §772, for the modification of the agreement upon the ground that claimant's injury had developed into the permanent loss of the use of her right arm. As a result of the proceedings before a referee a finding was made that "any and all disability of the claimant due to or resulting from [the] accident is confined to her right arm and that she has lost the industrial use" of that member. An award was accord-

ingly made under date of September 17, 1936, in accordance with the provisions of Section 306(c), 77 PS §513, awarding compensation at $8.48 per week for a period of 215 weeks, subject to credit for compensation theretofore paid. No appeal was taken from this award. As we understand the record, payments were regularly made under this award up to April 14, 1937, and payment was tendered to April 28th of that year, the end of the 215 weeks' period.

The present controversy arose out of the filing by claimant on April 14, 1937, of a petition reciting that she was a party to "Compensation Agreement No. 2973504" and praying the board "to modify the said agreement" upon the ground that her disability had "increased" since the award of September 17, 1936, for the definite period of 215 weeks. The ground for modification was thus stated therein: "Claimant is unable to resume her employment by reason of general weakened condition, resulting from injury sustained on March 8, 1933. Suffers serious mental disorders, cardio vascular disease and is psychotic." Although this petition referred to the "agreement" and asked for its modification it was, in effect, a petition under the second paragraph of Section 413 for a modification of the award of September 17, 1936, upon the ground that claimant at the date of the filing of the petition was totally disabled. The defendants answered, denying that claimant's disability had changed since the award.

It is quite evident that the referee to whom the petition and answer were referred conceived the issue of fact before him to be whether claimant was totally disabled and whether the accident of March 8, 1933, was a contributing factor in her then existing disability. After several hearings and the taking of the testimony of an impartial medical expert appointed by the referee the findings of fact to which we referred in the first paragraph of this opinion were made. The first finding

indicates the referee began by ignoring the fact, appearing upon the face of the record, that he was dealing with an award for a! definite period under Section 306(c) for the loss of the use of an arm. His first finding reads: "That compensation has been paid by the defendant to the claimant upon a *partial disability* basis up to and including the 31st day of March, 1937, in accordance with the findings of Referee Casey, based upon a stipulation of the parties." (Italics supplied)

Claimant never had been paid upon a basis of "partial disability" and the date mentioned in the finding apparently should have been April 14, instead of March 31, 1937. The additional findings of fact by the referee read:

"2. That the claimant has an ankylosis of her right elbow which is almost complete. This is a result of the accident which the claimant originally suffered in this case.

"3. That the claimant is suffering from a neurosis which causes her to have pseudo-hallucinations, hemi-anesthesia on the right side, and general weakness and loss of weight.

"4. That as a result of the said conditions, the claimant is so nearly totally disabled as to have no 'value in the labor market.

"5. That sometime before April 14, 1937, the claimant's disability changed to a total disability which continued up to and including the time of the hearing, and may continue for some indefinite time in the future.

"6. That the claimant's conditions, as herein found, while not wholly the result of the accident which she sustained in this case, are in a measure due to the same. The fact that she is past 50 years of age; economic conditions in general; the fact that she has recently gone through her menopause; as well as the condition of her arm as a result of the accident, have all contributed to her present condition."

His conclusions of law were thus stated: "The referee concludes as a matter of law that *since the claimant has become totally disabled,* her petition for modification should be granted in accordance with the above found facts and the provisions of the Workmen's Compensation Act of 1915, as amended. The referee further concludes as a matter of law that since the claimant, while not wholly disabled, is disabled to such an extent that she is a *nondescript in the labor market and is* therefore entitled to compensation for total disability." (Italics supplied).

With respect to the last paragraph of this conclusion of law, we direct the attention of the compensation authorities to *Conley v. Allegheny County,* 131 Pa. Superior Ct. 236, at page 250, 200 A. 287.

Under date of September 23, 1937, the referee made an award of compensation for total disability under Section 306(a), at the rate of $8.48 per week, beginning April 14, 1937, to continue within the limitations of the act until such time as there should be a change in the extent of claimant's disability. The board, upon appeal by the defendants, adopted the findings of the referee and affirmed the award. Defendants thereupon appealed to the court below, which tribunal dismissed their exceptions and entered judgment on the award; hence this appeal from that judgment.

If there had, in fact, been an agreement or an award of compensation under Section 306(b) for partial disability, followed by the present petition for modification upon the ground of an increase in disability, the testimony taken before the referee and his findings thereon would have been responsive to the issues which would have been involved. That, however, was not the situation presented by the record. For the purposes of this appeal it may be assumed that the claimant's disability increased prior to April 14, 1937, as found, and that she was totally disabled at the time of the hear-

ings and when the award of September 23, 1937, was made. It may also be granted that the accident of May 8, 1933, was a contributing factor in claimant's total loss of earning power. But the definite finding by the referee was that her disability was "not wholly the result of the accident," as it had been contributed to by other specified factors—her age, the general economic conditions prevailing, and the fact that she had recently gone through her menopause.

The fundamental defect in this award and in the judgment entered thereon is that the compensation authorities started out with the erroneous assumption that they were dealing with the proposed modification of an award for partial disability under Section 306(b), whereas they were actually confronted with an unappealed from award of compensation for the definite period fixed by Section 306(c) for a permanent injury —the loss of the use of an arm.

The distinction between awards under paragraph (c) and awards under paragraphs (a) and (b) of Section 306, although repeatedly pointed out by the appellate courts, has been ignored by the compensation authorities in their disposition of this case. If anything has been settled it is that the *extent* of disability, incapacity to labor, or loss of earning power, consequent upon the destruction, or permanent loss of the use, of any of the members of the body enumerated in Section 306(c) is wholly immaterial. In the case of some employees, the loss of a leg or an arm may entirely destroy their earning power depending upon the kind of work for which they are fitted, their age, temperament, and other circumstances, while in others the loss of a member may not cause any diminution in their earning power. The distinction was clearly set forth by our Supreme Court in *Lente v. Luci,* supra. There, the claimant was totally disabled through the loss, by an accident, of his only good eye, and it was contended he was therefore en-

titled to compensation for total disability. In reject-
ing that contention and confining the award to the
definite period of time fixed by Section 306(c) for the
loss of one eye, the distinction between awards under
306(a) and (b) for total or partial disability, and
agreements or awards under paragraph (c) for the de-
struction, or permanent loss of the use, of certain mem-
bers, was clearly pointed out in the following language,
pp. 219-220:

"Paragraph (c) fixes the total compensation for
permanent injuries to certain parts of the body. Under
it must be considered all disability 'resulting from' or
related to permanent injuries, and the compensation
for such injuries shall be 'exclusively' as therein pro-
vided. It will be noted the governing feature in this
paragraph is a *permanent injury,* while in the former
paragraphs the governing feature is a disability from
an injury. In paragraph (c), the right to compensation
for the consequential feature *'all disability,'* no matter
in what degree, is measured by the extent of the injury,
i. e., so much money during a given period for the loss
of a hand, arm, foot, leg or eye, respectively. In other
words, this legislative mandate fixed the amount to be
paid in such cases *without considering, but including,
all incapacity to labor* that may be connected therewith,
whether such incapacity be *total, partial or no incapac-
ity at all.* ...... The compensation mentioned is re-
stricted by precise language, regardless of the fact that
a permanent injury might otherwise affect capacity to
work. The standard thus fixed is in the nature of com-
pensation for the damage resulting from the loss of the
members there named, without regard to personal ca-
pacity to labor or loss of earning power: *Kerwin v.
American Express Co.,* 273 Pa. 134." (Italics supplied)

Recognizing the fact that there may be cases in which
organs or parts of the body, other than those mentioned
in paragraph (c), have been injured or destroyed as a

result of the permanent injury, causing a disability separate, apart and distinct, from the disability flowing from the loss, or loss of the use, of an arm, leg, eye, etc., it was held in the Lente case that compensation may be made under paragraph (a) or (b) for such separate and distinct disability, provided it "definitely and positively" appears it was the *direct result* of the permanent injury and persisted beyond the applicable period fixed in paragraph (c).

*Gardner v. Pressed Steel Car Co. et al.,* 122 Pa. Superior Ct. 592, 186 A. 410, cited in behalf of claimant, is an illustration of the type of cases contemplated by the portion of the opinion in the Lente case, to which we have just referred. In the Gardner case the accident resulted in a definite injury to the left lobe of claimant's brain (p. 599), in addition to the injury to his eye, causing a disability separate and distinct from the disability incident to the destruction of the eye. This fact distinguishes that case from the one now at bar. *Clark v. Clearfield Opera House Co. et al.,* 275 Pa. 244, 119 A. 136, is another illustration of the application of the principle.

Here, there was neither a finding (nor evidence which would support one) bringing this case within the ruling under discussion. The most that can be said is that the accident, with its resultant permanent injury to claimant's arm, was merely one of a number of independent contributing factors, which, taken together, brought about her total disability. An extract from the testimony of the impartial expert appointed by the referee reads: "Q. You stated, as far as her general disability is concerned—you ascribe that mostly to the condition apart from the condition of her elbow? A. Apart from the ankylosis of the elbow. Q. There is no organic injury that she sustained outside of the elbow? A. No involvement to the peripheral nerves, routes, spinal cord or brain. Q. No nerve injury?

A. No; her injury occurred on the outer side of the elbow, and the ulna nerve, which was alleged to have been implicated, is on the inner side; nor has she any signs or symptoms which may be recorded as being due to ulnar neuritis."

The findings of fact made by the referee are supported by the evidence, but his conclusion of law that claimant is entitled to an award under paragraph (a) of Section 306 because she "has become totally disabled" was, for the reasons above stated, clearly erroneous. The board adopted the findings of the referee as made and its affirmance of the award was equally erroneous. When claimant accepts the compensation tendered for the two weeks from April 14 to 28, 1937, she will have received the full amount legally due her.

Judgment reversed and here entered for appellants.