Hopshock *v.* Hackmeister, Inc., et al., Appellant.

Argued April 10, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellant.

*Morris M. Berger,* with him *Samuel Krimsly,* for appellee.

Opinion by Baldrige, J., June 26, 1940:

The claimant, 53 years of age, in the course of his employment on September 12, 1935 sustained comminuted fractures of the distal third of the tibia and fibula of the right leg. A compensation agreement was entered into October 4, 1935 under provision 306(a), Workmen's Compensation Act, 77 P. S. §511. On June 21, 1937 the defendant filed a petition to modify the agreement, alleging that the injury resolved itself into the permanent loss of the use of the right foot. The referee dismissed the petition and his action was sustained by the board and the court of common

pleas. The only controversy before us is whether the injury is confined solely to the foot, and amounts to its permanent loss as appellant contends.

The claimant testified that he has pain in his right side, extending from the foot to his hip, which interferes with his sleeping, and that his condition, which is growing worse, renders him unable to do any work. Dr. Zeedick, his attending physician, stated that the claimant made similar complaints to him, and that his examination disclosed that he has trophic ulcers, due in his judgment to traumatic arthritis as a result of the accident. They appear from time to time on the right foot and when closed cause swelling and pain which extends into the back. It is worthy of note that there is no indication of arthritis or ulcers in the other leg or foot. This witness was of the opinion that claimant's affliction has been increasing since he left the hospital where he had been for treatment and that his whole system is now affected to such an extent that he is totally incapacitated from doing work.

The defendant contends that an amputation of the foot or an operation known as arthrodesis, suggested by Dr. Markell, would remedy all the ailments alleged to exist beyond the ankle joint and foot. Dr. Markell, who was called as an impartial orthopedic expert, testified that amputation or the operation for arthrodesis, which stiffens the ankle, would afford the patient relief from the pain and is the only course that would improve his condition, but he expressed the opinion that due to claimant's age and local circulatory impairment which is probably associated with the accident, he did not regard him as a good operative risk and would hesitate to resort to surgery on that account. He stated that while the claimant has some use of the foot he is unable to stand or walk without the use of a cane. His conclusion was that claimant is totally disabled and will continue to be as long as the foot is in the painful condition that exists at present; that the disability is

more than the loss of the foot, "because this constant pain affects the man as a whole."

Dr. Ewing, called by appellant, testified that in his judgment the injury is confined entirely to the ankle joint and foot. He attributes the ulcers to a sclerotic origin due to impaired circulation. He admitted the claimant's condition was worse when he examined him May 27, 1937, than on a previous examination, February 20, 1936, and that he did not know claimant's condition on the date of the hearing, May 23, 1938, about one year after his last examination. That testimony affords but little, if any, aid in determining the present extent of the claimant's injury.

The appellant takes the erroneous position that there was not sufficient competent evidence to support a finding that the injury extended beyond the ankle and foot. This assumption is not borne out by the record. It clearly appears from the facts we have narrated that the board was warranted in finding that the defendant did not sustain the burden of proof of establishing that the claimant's right of recovery was limited to the specific loss of the use of the right foot. Moreover, this claimant has not lost the permanent use of his foot as contemplated under section 306(c) of the Act of June 2, 1915, P. L. 736, as amended by the Act of April 13, 1927, P. L. 186 (77 PS §513). He still has his foot and to some degree is able to use it. We repeated very recently in *Zellner v. Haddock Mining Company*, 139 Pa. Superior Ct. 16, 10 A. 2d 918, what had been said many times previously, that where an injury is confined to a member of employee's body, but he has not actually or permanently lost the use thereof, he is not deprived of further compensation. If partial he comes under section 306(b), if total, under 306(a).

The appellant asserts that the referee and the board failed to hold that all disability under section 306(c) includes pain, annoyance, inconvenience, disability to work and everything incident to the permanent injury.

We concede that if the injury is confined to the loss of the member compensation paid under that section is all inclusive. Reference heretofore made to the testimony definitely establishes, and the compensation authorities found that the foot has not healed, that the condition of the member has become static, and the injury is not confined to the ankle and foot alone, but extends to other parts of the body causing a disability distinct and separate from that usually and normally incident to the loss of a member and is enduring beyond the time for which compensation is provided for the loss of a member under section 306(c). Compensation for total disability may, therefore, be awarded: *Croll v. Miller et al.,* 133 Pa. Superior Ct. 448, 2 A. 2d 527.

The appellant argues further that the court below erred in affirming the order of the board because neither the referee nor the board made a specific finding of fact on the question it raised, to wit, that the disability resolved itself into the loss of the industrial use of the foot. The referee found that the claimant was totally disabled and "from a consideration of all the testimony in the case, your Referee finds as a fact that claimant's total disability still continues" and further "it appearing to your Referee that the defendants have failed to prove by competent legal evidence that claimant's disability has decreased, they are not entitled to a modification as prayed for."

The board found as follows: "We have examined the entire record and are of the opinion that the defendant did not meet the burden of proof imposed upon it to limit the claimant's right of recovery to the specific loss of the use of the right foot."

We think that is a sufficiently definite and distinct finding in this compensation case, where technicalities are not looked upon with favor, upon which to base the action of the board in dismissing appellant's petition.

Judgment is affirmed.