## Corniak v. Cohen et al.

*Samson B. Bernstein,* for plaintiff.
*George H. Detweiler,* for defendants.

PARRY, J., November 6, 1940.—On August 13, 1934, claimant injured his foot, entered into an open agreement with his employer for total disability and later into a supplemental agreement under section 306(*c*) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, for the loss of the use of the left foot. This required payments of compensation for 150 weeks. After the expiration of that period the claimant filed a petition for review on the ground that the agreement was executed in error and that he was totally disabled. The referee dismissed the petition as being filed beyond the life of the agreement but upon appeal by the claimant he was reversed by the Board, which remanded the record for further hearing holding that the time specified in section 306(*c*) was not applicable as the supplemental agreement was preceded by an open agreement which might have run for 500 weeks. It based this ruling on the authority of Kitchen v. Miller Bros. Co. et al., 115 Pa. Superior Ct. 141, which we note in passing does not appear to us to sup-

port the reasoning of the Chairman of the Compensation Board.

The referee then found that the supplemental agreement was executed in error; that the claimant's disability extended beyond the loss of use of the foot and he was suffering a 50% partial disability. The employer appealed, whereupon the Board again remanded the record to take the evidence of an impartial medical expert to ascertain the possibility of restoring the usefulness of the injured member. After a hearing the referee found that the disability of the claimant did not extend beyond the industrial loss of the use of the left foot and thereupon the petition was again dismissed.

The Compensation Board struck out the finding on the ground that the medical expert had testified that there was a possibility that an operation might restore the foot but such a procedure was dangerous and the chance of recovery of use was not more than 25%. The Board then found as facts that the supplemental agreement was executed through mutual mistake; that the injury was not permanent; that it could be repaired by an operation and that the claimant's disability was 50% partial. It therefore modified the original agreement and awarded compensation on the basis of partial disability for an indefinite period.

It appears to us that the findings of the Compensation tribunals display either ignorance or disregard of the instructions and admonitions repeatedly addressed to them by the Appellate Courts in their opinions in cases arising under The Workmen's Compensation Act, supra. A mere perusal of Conley v. Allegheny County, 131 Pa. Superior Ct. 236 or Croll v. Miller et al., 133 Pa. Superior Ct. 448, should have enabled the learned Commissioners to address their minds to the questions involved.

However that may be we think the decisions to which we are referred by the claimant appellee relate to different facts or to different questions. We think the agreement with which we have to deal is the supplemental

agreement and if this is so, the petition to review may be considered too late. It is furthermore clear that whatever may be the extent of claimant's disability it is exclusively concerned with the injury to his foot and he has already been compensated for its total loss.

In Croll v. Miller et al., supra, the Court said (p. 455) :

"In paragraph (*c*), the right to compensation for the consequential feature '*all disability*,' no matter in what degree, is measured by the extent of the injury, i. e., so much money during a given period for the loss of a hand, arm, foot, leg or eye, respectively. In other words, this legislative mandate fixed the amount to be paid in such cases *without considering, but including, all incapacity to labor* that may be connected therewith, whether such incapacity be *total, partial or no incapacity at all.* . . . The compensation mentioned is restricted by precise language, regardless of the fact that a permanent injury might otherwise affect capacity to work. The standard thus fixed is in the nature of compensation for the damage resulting from the loss of the members there named, without regard to personal capacity to labor or loss of earning power . . .".

It is apparent from this record that the claimant's disability has never changed. It is still permanent and the most that can be said is that if he takes a dangerous chance against the surgeon's advice there is a mere possibility that it may cease to be permanent. Under such circumstances no employer could defeat an employee's right on the ground that he refused to submit to an operation and here there is no indication that the claimant either desires or proposes to undergo one.

What we are really asked to hold is that when a claimant has been fully compensated for the total loss of the use of his foot he may thereafter receive additional compensation for an indefinite period, for the partial loss of its use, because there is a possibility that it may some day be restored. We do not think that authority for this novel proposition is found in The Workmen's Compensa-

tion Act or the decisions construing it. The fact that total or partial incapacity may continue beyond the period fixed by the legislature gives us no power to extend it.

The decision of the Compensation Board is reversed and judgment entered for the defendant.