Corniak, Appellant, v. Cohen et al.

Argued October 30, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, and RHODES, JJ.

*Maurice S. Levy,* with him *Samson B. Bernstein,* for appellant.

*George H. Detweiler,* with him *Robert A. Detweiler, Sylvia E. Detweiler* and *Charles W. Sweeney,* for appellees.

OPINION BY STADTFELD, J., July 27, 1942:

The claimant, after injuring his left foot on August 13, 1934 entered into an agreement with his employer for total disability, and later into a supplemental agreement under section 306(c) for the permanent loss of the use of the left foot. This required

payments of compensation for 150 weeks. After the expiration of that period he filed a petition for review on the ground that the agreement was executed in error, viz., that the injury, although confined to the left foot, did not result in a permanent loss or loss of use of the foot, and that he was now totally disabled.

The matter was heard before the referee and the former Workmen's Compensation Board; the board sent the matter back to have the claimant examined by an impartial medical expert. Dr. William H. Erb was appointed as the impartial medical witness. His testimony was taken, and on that testimony the referee found that the disability of the claimant did not extend beyond the loss of the use of his left foot. The petition was dismissed.

Claimant appealed to the present board, which found that "claimant's disability resolved itself into a partial disability reflecting itself in a 50% loss of the claimant's earnings or earning power sometime prior to June 29, 1937, to which date compensation has been paid by the defendant under the supplemental agreement for loss of use of the left foot."

Defendant appealed from that action to the Court of Common Pleas No. 1 of Philadelphia, which, in an opinion by PARRY, J., reversed the action of the board and entered judgment for the defendant. This appeal by claimant followed.

The judgment of the court below must be affirmed.

The decision of the Workmen's Compensation Board from which the appeal was taken to the court below was based upon the following findings of fact: "1. That the supplemental agreement in this case was executed through mutual mistake of fact in that both the claimant and the defendant were of the opinion that the claimant had suffered the permanent loss of use of his left foot, while in fact, the condition causing disability in the left foot *is* not permanent but may be repaired by an operation or skin graft.

"2. That the accident of August 13, 1934, has resulted in a large scar, approximately five inches long and two and one-fourth inches in width, in the region of the Achilles' tendon near the left heel which is adherent to underlying structures and which is extremely painful on pressure and *prevents the claimant from performing the duties of any occupation requiring standing, walking or use of the left foot.*

"3. *That this condition is not permanent but may be repaired by an operation or skin graft."* (Italics supplied)

It is undisputed that the injury suffered by claimant was confined to the left foot, the use of which was lost. Hence, only the permanency of the loss of use is involved in the questions raised by the facts of this case.[1] These questions are (1) whether the agreement under section 306(c) for the permanent loss of the use of the left foot was executed under mistake, and (2) whether at the time of the petition for review the loss of use of the foot was permanent.

Nowhere in the record does it clearly appear upon what single provision of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, claimant's petition for review relies. The argument on his behalf proceeds, for the most part, on the theory that the petition was filed under the first paragraph of section 413, as averred, alleging that the compensation agreement was executed under mistake. There is some suggestion in the brief, however, that the petition might be regarded as having been filed under the second paragraph of section 413 upon the ground that claimant's condition, at the date of the filing of the petition, had changed to total disability. We have frequently

---

[1] Section 306(c) applies exclusively where the injury involves the permanent loss or loss of use of certain parts of the body, and is confined thereto: See, *Croll v. Miller et al.,* 133 Pa. Superior Ct. 448, 2 A. 2d 527.

held that if a claimant establishes the right to relief, his petition will be considered filed under the appropriate sections: *Johnson v. Purnell*, 131 Pa. Superior Ct. 230, 200 A. 151; the same principle may be extended to the filing of petitions under appropriate paragraphs.

The Act of June 2, 1915, P. L. 736, Art. IV, §413, as amended by the Act of June 26, 1919, P. L. 642, §6 and the Act of April 13, 1927, P. L. 186, §6 provides in the first paragraph: "The board, or referee designated by the board, may, at any time, review and modify or set aside an original or supplemental agreement, upon petition filed with the board or in the course of the proceedings under any petition pending before such board or referee; if it be proved that such agreement was procured by the fraud, coercion or other improper conduct of a party, or was founded upon a mistake of law or of fact." The construction of this section has proceeded upon the general principles that the burden of proof is on the petitioner to establish the right to have the agreement set aside by evidence reasonably satisfactory that a mistake has been made: *Shuler v. Midvalley Coal Co.*, 296 Pa. 503, 146 A. 146; *Williams v. Baptist Church et al.*, 123 Pa. Superior Ct. 136, 186 A. 168; see, *Grigula v. Bethlehem Mines et al.*, 140 Pa. Superior Ct. 309, 14 A. 2d 376 (improper conduct and fraud) ; and that the mistake contemplated relates to a fact or condition existing when the agreement sought to be reviewed, modified or set aside, was executed: *Williams v. Baptist Church et al.*, supra; *Rednock v. Westmoreland Coal Company*, 132 Pa. Superior Ct. 89, 200 A. 114.

Appellant-petitioner relies upon the board's first finding as establishing the fact that the supplemental agreement of June 8, 1936, providing for compensation under section 306(c) for the permanent loss of the use of the left foot, was founded upon a mistake of fact, viz., that at the time when the supplemental agreement was executed petitioner had not suffered the permanent loss

of use of his left foot. A careful review of the entire record, however, fails to disclose any testimony or evidence of any kind, tending to prove that to be the case; no evidence had been adduced to show that at the time in question the usefulness of petitioner's foot in any employment for which he was physically and mentally fitted, was merely suspended and not destroyed.[2] Petitioner failed to carry his burden of proof in this regard.

At the hearing before the referee on June 6, 1938 petitioner called Dr. Rubin M. Lewis, as an expert medical witness. This witness examined petitioner on July 26, 1937 and again on June 3, 1938. He testified that as a result of his first examination it was his opinion that petitioner had not completely lost the "industrial use" of his foot, but that the foot was reparable; that following the second examination the condition of the foot was the same, its "industrial use" not being lost. On cross-examination Dr. Lewis testified, somewhat inconsistently, that the foot could not be used for industrial work. There was no testimony, however, as to the condition of petitioner's foot at the time of the execution of the supplemental agreement in June, 1936. Nor did any of the testimony of Dr. William H. Erb, appointed as an impartial medical witness, relate to the condition of petitioner's foot at the time of the execution of the supplemental agreement. Even the board's own finding, itself unsupported by any legally competent evidence, states that "the condition causing disability in the left foot *is* not permanent", but fails to find such to have been the case at the time of the execution of the supplemental agreement.

---

[2] "A permanent injury must be one that destroys the usefulness of the members. If the injury is temporary, merely suspending usefulness, it is not permanent ......"; *Lente v. Luci,* 275 Pa. 217, 223, 119 A. 132; *Massett v. Armerford Coal M. Co.,* 82 Pa. Superior Ct. 579, 581, 583.

It is our opinion that there is no legally competent evidence to sustain the finding of the board that the supplemental agreement of June 8, 1936 had been founded upon a mistake of fact, and hence no basis exists for a modification of the said agreement under the first paragraph of section 413.

In the course of its opinion the board stated, that "a preponderance of the testimony present in this record establishes that ...... the claimant *presently* suffers the loss of the use of the left foot ......" The board's third formal finding of fact declares that the condition resulting from the accident "prevents the claimant from performing the duties of any occupation requiring standing, walking or use of the left foot." This statement amounts to a finding that the condition of petitioner's foot was such as to render it useless in any employment for which he is physically and mentally fitted. Such condition of a member of the body has been held to be the equivalent of the "loss" or the "loss of the use" as used in section 306(c). See, *Massett v. Armerford Coal M. Co.*, 82 Pa. Superior Ct. 579, 583; *Zellner v. Haddock Mining Co.*, 139 Pa. Superior Ct. 16, 19, 10 A. 2d 918.

There is, as stated above, no legally competent evidence to support the board's finding that "this condition is not permanent" because "it may be repaired by an operation or skin graft". On this score Dr. Erb described petitioner's injury as a permanent scar on the left foot, involving heel and skin over Achilles' tendon and somewhat adherent to underlying structures. He testified that the scar could be removed by surgery, involving a great possibility of failure which would render the condition worse; that a successful skin operation would not enable the patient to return to work, but that the chance of a successful operation in this instance was not more than 25%; and that he would advise against rather than recommend an operation. This evidence does not establish the fact or even

support a finding that the usefulness of petitioner's foot, at the time of the hearing, was merely suspended, rather than destroyed. In the absence therefore of any legally competent evidence to support a finding that the disability of petitioner had changed, we find no basis upon which to sustain a modification of the supplemental agreement under the second paragraph of section 413.

We are in accord with the statement in the opinion of the court below: "It is apparent from this record that the claimant's disability has never changed. It is still permanent and the most that can be said is that if he takes a dangerous chance against the surgeon's advice there is a mere possibility that it may cease to be permanent ......

"What we are really asked to hold is that when a claimant has been fully compensated for the total loss of the use of his foot he may thereafter receive additional compensation for an indefinite period, for the partial loss of its use, because there is a possibility that it may some day be restored. We do not think that authority for this novel proposition is found in the Workmen's Compensation Act or the decisions construing it."

The court below considered claimant's petition as having been brought too late. Since a consideration of the claim on its merits supports the judgment of the court below a discussion of the period of limitations under either or both paragraphs of section 413 and its applicability to the instant case, is unnecessary to our decision.

Judgment affirmed.