Patulonis *v.* Locust Mountain Coal Co. et al.,
Appellants.

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Walter Sidoriak,* with him *John A. Skelton,* for appellants.

*Roger J. Dever,* for appellee.

OPINION BY ROSS, J., March 4, 1947:

The claimant, William Patulonis, was injured on November 12, 1931, in the course of his employment as a miner with the Locust Mountain Coal Company, sustaining a fracture of his right femur due to a fall of rock.

On December 7, 1931, a compensation agreement was entered into whereby the claimant was paid compensation at the rate of $15 a week, beginning November 19, 1931, for an indefinite period. The claimant was paid compensation under this agreement until September 1, 1933, when a supplemental compensation agreement was entered into providing for $15 for a total of 215

weeks for the agreed loss of use of the claimant's right leg, final payment thereunder being made on January 1, 1936. On November 18, 1936, the claimant filed a petition for reinstatement and modification of this agreement and after an answer was filed by the defendant company, various proceedings were had before the compensation authorities and the court below. Finally on January 3, 1945, the referee granted the claimant's petition on the ground that the supplemental agreement was executed under a mistake of fact and made an award for total disability, which was sustained by the board and the court below, and this appeal was taken.

The claimant's petition was filed under the first paragraph of section 413 of the Act of June 26, 1919, P. L. 642, as amended by the Act of April 13, 1927, P. L. 186, section 6, which provides, inter alia, as follows: "The board, or a referee designated by the board, may, at any time, review and modify or set aside an original or supplemental agreement, upon petition filed with the board . . . if it be proved that such agreement . . . was founded upon a mistake of law or of fact . . .". The construction of this section has proceeded upon the general principles that the burden of proof is upon the petitioner to establish the right to have the agreement set aside by evidence reasonably satisfactory that a mistake has been made and that the mistake contemplated related to a fact or condition existing when the agreement sought to be reviewed, modified or set aside was executed. *Williams v. Baptist Church et al.*, 123 Pa. Superior Ct. 136, 186 A. 168; *Corniak v. Cohen et al.*, 150 Pa. Superior Ct. 140, 27 A. 2d 560.

In the supplemental agreement in this case the parties "agreed" that the "Case has now resolved itself into loss of use of right leg". In his petition the claimant stated, "When I signed the compensation agreement, I had an existing condition in my abdomen unknown to me or the defendant's representatives which condition has caused me to be totally disabled from the date of the

accident." The defendant's answer denied that such condition existed and averred that no additional disability associated with the accident had occurred.

It is clear that if the claimant's disability on September 1, 1933, was not confined to loss of the use of his right leg, the agreement was entered into under a mistake of fact and the petitioner claimant, under the provisions of the Act, is entitled to have the agreement reviewed and modified. The referee, affirmed by the board, made, inter alia, the following findings of fact: "4. As a result of the claimant's accidental injury, claimant has an outward bowing and a five inch shortening of his right leg, which has caused a scoliosis of the spine, a compensatory curvature, causing an impingement upon the nerves coming out from the spinal column, and a resultant permanent pain over his abdomen, totally disabling claimant. 5. The impingement from the spinal column and the resultant pain in the abdomen existed at the time the supplemental agreement of September 1, 1933, was entered into by the parties hereto, and at said time caused a total disability to claimant, separate and apart from the condition of his right leg, but said impingement was unknown to either of said parties, and said agreement did not provide therefor. 6. Claimant on September 1, 1933, was permanently and totally disabled as the result of the conditions set forth in the preceding paragraph hereof." Since the board is the ultimate fact finding body, we are bound by these findings of fact if there is substantial competent evidence in the record to sustain them.

Dr. Arthur P. Keegan, a disinterested doctor appointed by the referee, testified that the claimant has a scoliosis of the spine and that in his opinion the claimant is totally disabled as the direct result of his injury. Dr. William Leach, a witness for the claimant, testified that the accident affected other parts of the claimant's body *separate and apart from the leg* and that the claimant was totally disabled on *September 1, 1933,* as a

result of "the leg condition and osteo-arthritis of the spine". Dr. Guy Robinhold, who was the surgeon at the hospital when the claimant was admitted and treated immediately after the accident, testified that in his opinion the claimant *when the supplemental agreement was signed* was totally disabled from a spine condition resulting from the accident *separate and apart from his leg condition,* as a result of an infection involving his lumbar vertebræ impinging on nerves causing a fixation angulation and a painful spine.

In this case the findings of fact of the compensation authorities are supported by substantial competent evidence and are conclusive. The agreement limiting compensation to loss of use of the right leg did not contain a correct statement of the true extent of claimant's injuries and, therefore, a mistake of fact existed at the time the agreement was executed.

Judgment is affirmed.