Boyle *v.* Boyle, Appellant.

Argued September 28, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*J. Webster Jones,* for appellant.

*John Patrick Walsh,* with him *Leon Rosenfield,* for appellee.

OPINION BY RHODES, P. J., November 16, 1953:

The claimant in this workmen's compensation case sustained an accidental injury in the course of his employment on November 3, 1950. An open agree-

ment was entered into which provided for compensation for total disability. The agreement described the accident and claimant's injuries as follows: "While working on scaffold, board tilted and claimant fell, catching onto rope which swung him into building, causing contusion of chest." Compensation was paid under the agreement.

On March 28, 1951, defendant employer and its insurance carrier filed a petition to terminate in which it was alleged that all disability resulting from the accident and covered in the agreement had ceased on January 26, 1951. Claimant answered that he was still totally disabled as a result of injury to his heart suffered in the accident on November 3, 1950. After hearing, referee denied the petition and ordered defendants to pay to claimant compensation for total disability at the rate of $25 per week, beginning January 27, 1951, and continuing for an indefinite period. The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and the order. Defendant's insurance carrier appealed to the court of common pleas which affirmed the Board and dismissed the appeal. The insurance carrier has appealed to this Court, and its contentions are to the effect that there was no legally competent expert testimony to sustain the award of compensation.

The burden of proving that claimant's disability from the accident had terminated was on the defendants. *Leaver v. Midvale Company,* 162 Pa. Superior Ct. 393, 397, 57 A. 2d 698; *Barckhoff v. Westmoreland Coal Co.,* 161 Pa. Superior Ct. 146, 148, 53 A. 2d 872; *Snyder v. Hoffman,* 159 Pa. Superior Ct. 392, 394, 48 A. 2d 78. Before the referee the defendants presented the testimony of their medical expert, and rested. It is not necessary for us to determine whether the testimony of this witness was sufficient to meet the bur-

den of proof which devolved upon defendants. See *Gill v. Fives,* 170 Pa. Superior Ct. 564, 568, 88 A. 2d 109. The Board reviewed the entire record and found that the medical testimony showed a causal connection between the accidental injury and claimant's present disability. Such disagreement as may have existed in the testimony of the medical experts was resolved by the Board in favor of the claimant. And, as we have frequently said, where the medical testimony as to causal connection between an accident and the death or the disability is conflicting, the issue is one of fact for the compensation authorities, and the credibility of those qualifying as experts is not reviewable as a matter of law; credibility of the witnesses is always for the finders of fact. *Malick v. Uniontown,* 172 Pa. Superior Ct. 562, 565, 94 A. 2d 151.

There is no question about the present disability of the claimant. It is conceded that he is suffering from a myocardial infarction. He has been totally disabled since the accident. The medical expert called on behalf of the defendants testified that he had examined claimant on February 15, 1951, and that he had an anterior infarction of the heart which was totally disabling. After reciting the relevant history, this expert testified that he did not feel that the accident caused claimant's heart condition, and that the contusions were not disabling. This witness did testify, however, that the coronary occlusion which caused the infarction could have resulted from trauma, and that if the occlusion occurred as a result of trauma the infarction might occur immediately or it might take a little time.

Claimant's medical expert made a complete cardiovascular examination on March 13, 1951. He had the same history as that which was given to defendants' medical expert. Claimant's expert testified that claim-

ant was suffering from anterior myocardial infarction, due to coronary occlusion, and that, in his opinion, the coronary occlusion was the result of trauma, that is, the accident on November 3, 1950. At the time of the examination, claimant had two effects of the heart condition, to wit, pain produced by the coronary occlusion and weakness of the heart muscle. It is upon the cross-examination of this witness that defendants rely to sustain their contention that the medical testimony is insufficient. We are unable to agree with defendants' contention in this respect. The cross-examination of the medical expert did not destroy his direct testimony. The cross-examination merely disclosed that a coronary occlusion could be the result of many causes, and he explained the various ways in which infarctions occur. The possibilities were not limited to four, as defendants argue. The cross-examination related primarily to medical theory, and did not disclose any inconsistencies with the witness' conclusion that the myocardial infarction which has caused his disability was the immediate result of the trauma. It is significant that the opinion of this witness is strengthened by what actually happened. See *Saylor v. Greenville Steel Car Co.*, 157 Pa. Superior Ct. 331, 336, 43 A. 2d 633. Claimant's family physician testified that he was familiar with claimant's condition prior to November 3, 1950, and that his heart was normal. On November 10, 1950, this physician found claimant to be suffering from myocarditis with pain in his chest and shortness of breath. He corroborated the testimony of claimant that he had never had this condition previous to the accident. Claimant had testified that he had worked most of his life as a roofer, and had never suffered from any heart condition prior to the accident which caused severe contusions of the chest. He went to the hospital the same evening of the

accident, where he was treated for the chest injury. Symptoms of a heart condition developed directly after the accident, and were of such severity on November 10, 1950, that his family physician directed him to go home and remain in bed. With these facts causal relationship might even be inferred from the testimony of defendants' medical expert. In any event, the compensation authorities accepted the theory of claimant's medical expert, and this was within their province.

Order is affirmed.