Verna, Appellant, *v.* Stabler.

88

Argued June 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Alexander F. Barbieri*, with him *Barbieri and Sheer*, for appellant.

*Bernard J. Avellino*, with him *Max E. Cohen*, for appellees.

OPINION BY WRIGHT, J., September 17, 1964:

This is a workmen's compensation case. Claimant has appealed from an order of Court of Common Pleas No. 4 of Philadelphia County affirming a decision of the Workmen's Compensation Board which rejected claimant's contention that he was entitled to compensation for the specific loss of a foot under Section 306(c) of The Pennsylvania Workmen's Compensation Act. Act of June 2, 1915, P. L. 736, Section 306(c), 77 P.S. 513.

On September 25, 1957, while employed by Lou Stabler as an electrician, Jasper D. Verna, the claimant, fell from a ladder and sustained injuries to his right knee and right foot. An open agreement was

executed calling for payment of compensation for total disability. On September 16, 1960, the employer filed a petition for termination alleging that claimant had secured full-time work at a higher wage rate, and stating that compensation had been paid for 141 weeks, ending June 9, 1960, plus medical expenses. In his answer claimant admitted that he had been employed since June 27, 1960 but alleged that he was still suffering disability. After taking testimony at two hearings, the Referee found that "claimant's condition of total disability due to the injuries to his right knee and ankle resolved themselves into the loss of use of his right foot". Compensation was awarded by the Referee for a period of 150 weeks from June 10, 1960. Upon appeal by the employer, the Workmen's Compensation Board reversed the Referee, finding that claimant had not lost the use of his right foot. An award was made for partial disability from June 10, 1960 through June 26, 1960, but no compensation was awarded after the latter date "since the claimant has suffered no loss of earning power". See *Scott v. C. E. Powell Coal Co.,* 402 Pa. 73, 166 A. 2d 31. The court below affirmed the decision of the Board.

The record discloses that, following the accident, claimant's right ankle was operated upon and three small pins inserted, two of which have been removed. Dr. Rechtman testified for the employer that, at the time of his examination on April 7, 1959, claimant's ankle joint was well preserved with no degenerative or arthritic changes and that, after a short period of exercise, claimant would be able to return to work. Dr. John Di Silvestro testified that, on June 14, 1960, in his capacity as a medical examiner for the Yellow Cab Company, claimant's present employer, he examined the claimant and found no disability. Claimant has been working full time as a maintenance electrician without either incident or complaint. His wage rate is higher

than that before the accident. In his duties he drives a truck throughout the City of Philadelphia to the various locations of the Yellow Cab Company where electrical repair and maintenance may be needed. He is the only electrician employed by the company to do this work. He walks without a cane or other appliance. He is required to stand on his feet and sometimes climbs ladders. Dr. Mattei nevertheless testified for the claimant that, as a result of traumatic arthritis in the right ankle joint, claimant had lost the use of his foot for all practical intents and purposes. It is our view that the Board properly refused to adopt this conclusion.

Appellant first contends that the Board erred in ruling against him as a matter of law. This argument is based on the following excerpt from the opinion of the Board: "Assuming that all the medical testimony favorable to the claimant is true, we must find as a fact that the claimant has not lost the use of the right foot for all intents and purposes". The Board was in effect saying that, even if Dr. Mattei's diagnosis of claimant's anatomical condition was correct, it could not, under all the evidence, accept his opinion that claimant had lost the use of his foot. Recognizing that the record contained conflicting medical testimony, the Board stated: "There is a great deal of non-medical testimony in the record which indicates that the claimant walks without the use of supports of any type; that in his employment he is able to drive a truck across and through various parts of the City of Philadelphia; that his job requires him to stand on a ladder, and that he is generally able to get around without revealing to others that he is suffering any disability of his right foot". The Board reasoned that the question of loss of use of a member for all practical intents and purposes is not a purely medical one, and determined that Dr. Mattei's opinion in that regard was not conclusive in view of the other testimony in the record.

The opinion by a witness, either lay or expert, that the use of a member has been lost is of little value in the light of uncontroverted evidence that the member has actually been used constantly for a considerable period of time, even though not with the ease and freedom enjoyed prior to the injury: *Conley v. Allegheny County*, 131 Pa. Superior Ct. 236, 200 A. 287. The correct test to ascertain whether a claimant is entitled to compensation under Section 306(c) is whether he has suffered the permanent loss of use of the injured member for all practical intents and purposes: *Oliver v. Westinghouse Corp.*, 186 Pa. Superior Ct. 604, 142 A. 2d 486. This presents an issue of fact for determination by the Board: *Curran v. Knipe*, 185 Pa. Superior Ct. 540, 138 A. 2d 251. The extent of claimant's injury, his ability to work, and whether disability has changed, are factual matters for the Board to determine: *Downing v. Leechburg Mining Co.*, 195 Pa. Superior Ct. 574, 171 A. 2d 857. In the case at bar, the overwhelming weight of testimony demonstrated that claimant was physically able to use his foot in performing all the duties of his job as an electrician, the same type of work in which he was engaged at the time of the accident. The records produced by Mr. Alexander, the employment manager, revealed that claimant had worked continuously without any time off. It was the duty of the Board to consider all the testimony and not alone that of Dr. Mattei, even assuming his anatomical diagnosis to be correct. On the basis of the entire record the Board made a proper finding of fact which we may not disturb.

Appellant next contends that the Board's decision is in capricious disregard of the uncontradicted evidence, asserting that the only evidence on the issue of loss of use is that of claimant and his physician. We are not in accord with this contention. Claimant's own testimony was contradicted by the actual fact that he

had continuously used the foot in the duties of his employment for over a year. And, as previously indicated, Dr. Di Silvestro testified that there was no disability. Where the compensation authorities have found against the party having the burden of proof, the question on appeal is not whether the findings of fact are supported by sufficient competent evidence, but whether there has been a capricious disregard of competent evidence: *Chernetsky v. William Penn Stripping Co.*, 200 Pa. Superior Ct. 277, 188 A. 2d 770. The Board may accept or reject, in whole or in part, the testimony of any witness: *Kubler v. Yeager*, 189 Pa. Superior Ct. 339, 150 A. 2d 383. The credibility and weight of the testimony is for the Board: *Urbasik v. Johnstown*, 198 Pa. Superior Ct. 232, 182 A. 2d 90. In the light of the actual situation presented by all the facts, the Board was warranted in rejecting claimant's theory. We cannot say that this was a capricious disregard of competent evidence as was the situation in *Adams v. Dunn*, 192 Pa. Superior Ct. 319, 162 A. 2d 42, cited by appellant. In that case we expressly stated: "We are therefore not presented with a situation wherein the Board weighed conflicting evidence".

Finally, appellant argues that the Board erroneously placed the burden of proof on him. So far as our research discloses, the exact question here presented has not heretofore been decided. This is readily understandable since Section 306(c) is normally invoked by employers. Cf. *Hopshock v. Hackmeister*, 140 Pa. Superior Ct. 384, 14 A. 2d 374. The problem was mentioned by Judge WATKINS in *Downing v. Leechburg Mining Co.*, 195 Pa. Superior Ct. 574, 171 A. 2d 857.[1]

---

[1] "So far as this appeal is concerned, we are treating it as if the burden of proof under this petition and answer was on the employer. However, it could be well argued that the portion of the answer, which averred the specific loss of the industrial use of the hand, may have been an attempt on the part of the claimant to

In the present case, the parties entered into an agreement providing payment for total disability. From a procedural standpoint, the next step was the petition of the employer to terminate the agreement. Appellant filed an answer asserting that all disability had not ceased. In so doing he assumed no burden of proof: *Thomas v. Susquehanna Colleries Co.,* 148 Pa. Superior Ct. 161, 25 A. 2d 98. However, at the hearing before the Referee, he conceded by stipulation that total disability had actually ceased, and then undertook to establish that he had lost the use of his foot.

The burden is upon an employer who seeks to terminate a compensation agreement for total disability to prove that claimant's disability from the accident has ceased: *Boyle v. Boyle,* 174 Pa. Superior Ct. 188, 100 A. 2d 385. Similarly, a claimant seeking to modify a compensation agreement has the burden of establishing the allegations upon which he relies: *Hendricks v. Patterson,* 164 Pa. Superior Ct. 584, 67 A. 2d 652. The questions raised under Sections 306(c) are entirely different from those under 306(a) and (b) and are dependent upon different considerations: *Curran v. Knipe,* 185 Pa. Superior Ct. 540, 138 A. 2d 251. By attempting to secure an award under Section 306(c) appellant injected a new factor in the case. He was no longer seeking only to prevent the termination of his disability payments, but was endeavoring to obtain compensation for the loss of use of his foot. Consequently, he should have the burden of proving the elements necessary to support such an award: *Hurlburt v. Fidelity Window Cleaning Co.,* 192 Pa. Superior Ct. 152, 160 A. 2d 251.

Order affirmed.

---

modify the agreement and thus shift the burden of proof, as far as that contention was concerned, to him".