## NORWICH PHARMACAL COMPANY
### v.
## RAKWAY, INC., Quakertown Farmers Market, Quakertown, Pennsylvania.
### Civ. A. No. 26767.

United States District Court
E. D. Pennsylvania.
Dec. 6, 1960.

Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff.

Sydney Finkelstein, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This is a so-called "fair-trade" case. It is a companion case to that of The Gillette Company v. Quakertown Sales Company, Inc., a/k/a Quakertown Farmers Market and Auction, and Rakway, Inc., Civil Action No. 26788. Both cases will be disposed of in accordance with this opinion.

On July 31, 1959, plaintiff brought an action in which it was alleged that the defendant had been violating the Fair Trade Act of Pennsylvania by selling certain of plaintiff's products below the minimum retail prices established by the plaintiff under the provisions of said Act. The complaint sought a permanent injunction restraining the defendant, its agents or employees, from selling or offering for sale any of the plaintiff's commodities at less than the minimum retail prices. Pending such final decree the complaint sought a preliminary injunction. A hearing was fixed for the preliminary injunction for August 10, 1959.

Prior to the time set for the hearing on preliminary injunction, plaintiff and defendant, through their respective counsel, entered into negotiations respecting a possible consent decree and the form thereof. It was finally agreed that a preliminary injunction would be entered by consent without a hearing, with the proviso that if the defendant did not file an answer within 60 days of the date on which such injunction was entered, the preliminary decree itself should become a final one. Such a preliminary injunction with stipulation of counsel was therefore prepared and signed by counsel for plaintiff and the defendant. The decree was approved by the Court

and both stipulation and injunction were entered of record on August 12, 1959. No answer being filed by October 11, 1959, the decree became final on that date, in accordance with its own terms.

Without asking for an enlargement of time under Rule 6 [1] or for relief from an order, the form of which was of defendant's own choosing, under Rule 60, defendant's counsel filed an answer on October 23, 1959, and served a copy thereof on plaintiff's counsel three days later. The case was ordered on the non-jury trial list the same day the answer was filed. The case was also listed on the civil non-jury trial calendar for preliminary call on July 27, 1960, at which time counsel for defendant answered the call. It does not appear that plaintiff's counsel also answered at that time.

On August 9, 1960, however, plaintiff's counsel did file and serve interrogatories on counsel for the defendant. This was followed on October 5, 1960, by plaintiff's motion to strike the answer on the ground that the case had been concluded and there is in existence a final decree. This is the motion currently before the Court for decision.

This situation is somewhat unusual. Counsel have referred us to no authorities in point, and our own research has discovered none. Presumably it is a matter which rests largely in the discretion of the Court.

■■ We are convinced that stipulations voluntarily entered into by counsel for the parties with the approval of the Court must be given full force and effect in the absence of fraud, accident, or mistake. None is charged here. Mere inadvertence or inattention of counsel is not enough.

■ A contrary conclusion would create chaos. A vast amount of business is concluded daily in our Courts on the faith of written stipulations of counsel. They should be open to unilateral challenge only on the basis of the most fundamental and compelling reasons. Any other policy would add to our al-ready congested Court calendars. Nothing could be certain and written stipulations affecting the disposition of Court business would be meaningless.

The defendant is not without remedy in appropriate circumstances, because paragraph V of the Court's decree, which was entered pursuant to stipulation, reads:

"Jurisdiction of this cause is retained for the purpose of enabling any of the parties hereto to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Decree, for the modification or termination of any of the provisions thereof, and for the enforcement of compliance therewith, and for the punishment of violations thereof."

### Order

And Now, December 6, 1960, upon motion of the plaintiff, the defendant's answer is Stricken, and the case is ordered Removed from the trial list. A similar order will be entered in Civil Action No. 26788.

1. References are to Federal Rules Civil Procedure, 28 U.S.C.