158

**Donald C. RARICK, Plaintiff**

v.

**UNITED STEELWORKERS OF AMERI-CA, an unincorporated labor association; David J. McDonald, International President of United Steelworkers of America; Howard Hague, International Vice President of United Steelworkers of America; and I. W. Abel, International Secretary-Treasurer of United Steelworkers of America, Defendants.**

Civ. A. 60-844.

United States District Court
W. D. Pennsylvania.

Dec. 29, 1960.

James A. Ashton, Pittsburgh, Pa., for plaintiff.

Ernest G. Nassar, Donald J. Lee, of Wilner, Wilner & Kuhn, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

Plaintiff here seeks a temporary restraining order enjoining the defendants from conducting the election of officers of the defendant union scheduled for February 14, 1961; from publishing in the union newspaper any articles tending to advance the candidacy of the individual defendants and suppressing the candidacy of the plaintiff for the office of International President of defendant union; and from printing or publishing the ballots for the aforesaid election without the name of the plaintiff on said ballots. Plaintiff further seeks by said restraining order to suspend all provisions of the constitution of United Steelworkers of America which are in direct violation of the Labor-Management Reporting and Disclosure Act of 1959, Pub. L. 86–257, § 2 et seq., September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C.A. § 401 et seq., and to suspend all appellate procedures and extend the times by which appeals may be filed with the defendant union for its alleged illegal action in suppressing the candidacy of the plaintiff.

After a hearing, we are not satisfied that the defendant will suffer any immediate or irreparable harm if the restraining order is not granted. There is no allegation that plaintiff was nominated for president by the required number of locals, or that having been nominated, his name is being illegally withheld from the ballots.

Plaintiff alleges a number of instances of unlawful conduct which he contends prejudiced his rights, and the rights of certain members of local unions, with respect to his avowed candidacy for president. However, we do not believe that plaintiff will suffer immediate and irreparable harm for these reasons, since there are procedures available to the plaintiff within the union to redress his grievances, and even if plaintiff is unsuccessful within the union prior to the election, § 402 of the Labor-Management Reporting and Disclosure Act, supra, provides a remedy after the election has been held whereby an invalid election, if such there was, may be set aside and a new election held.

### Order of Court

And now, to-wit, this 29th day of December, 1960, after argument and upon due consideration, it is ordered that plaintiff's petition for temporary restraining order be and the same hereby is denied.