**Donald C. RARICK, Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, an unincorporated labor association; David J. McDonald, International President of United Steelworkers of America; Howard Hague, International Vice President of United Steelworkers of America; and I. W. Abel, International Secretary-Treasurer of United Steelworkers of America, Defendants.**

Civ. A. No. 60–844.

United States District Court
W. D. Pennsylvania.

March 16, 1962.

James A. Ashton, Pittsburgh, Pa., for plaintiff.

James Craig Kuhn, Jr., of Wilner, Wilner & Kuhn, Pittsburgh, Pa., Ernest G. Nassar, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Plaintiff, Donald C. Rarick, petitioned for relief from an order entered pursuant to a stipulation between the parties, dismissing with prejudice his action against the defendant Union and some of its officers. He thinks he is entitled to have his action reinstated under Rule 60(b) (1) and (6), Fed.R.Civ.P., 28 U.S. C.A. A hearing was held and briefs were submitted. In our opinion the petition should be denied.

### FINDINGS OF FACT

1. On December 29, 1960, the plaintiff, alleging violation of his rights as a member of the United Steelworkers of America, sought restraining orders, preliminary injunctions and declaratory judgments against the defendant Union and some of its officers. On the same day, after hearing, the court refused to grant the restraining orders, D.C., 190 F.Supp. 158, suggesting at the hearing that the defendants be given an opportunity to answer the complaint and in due course, absent successful jurisdictional and legal defenses, the matter would be set down for hearing on the motion for

preliminary injunctions (T., pp. 56–57, 62). It was further suggested in the Memorandum that plaintiff should avail himself of the procedures offered by his Union to redress his grievances, and, if unsuccessful, file a complaint with the Secretary of Labor as provided in § 402 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 482 (1961 Supp.).

2. Subsequently, plaintiff exhausted the appellate procedures available to him within the Union without success. He requested the Secretary of Labor to make an investigation of his complaints and bring a civil action on behalf of plaintiff against the Union. He received no response; however, he learned that the Secretary had ruled adversely to the construction of the Act for which plaintiff contended.

3. Before a hearing was held on the merits of the complaint, plaintiff on January 17, 1961, voluntarily entered into a stipulation with defendants "that the above captioned case shall be withdrawn and discontinued with prejudice", and it was so ordered by the court.

4. Plaintiff entered into this stipulation because (a) he was advised by able and experienced counsel that he had no legal remedy available; (b) he decided not to disturb his Union by further litigation (Ex. A); (c) he was advised and believed that continuation of the litigation which he had started would result in substantial costs; and (d) he did not wish to expend his personal funds on what he considered a lost cause.

5. At the time the stipulation was entered into, plaintiff had take-home earnings of $125.00 a week; he was receiving $75.00 a month as President of Local 2227 of the United Steelworkers of America; he had approximately $500.00 in the bank; he had paid approximately $8,000.00 on the mortgage on his home; he had one child; his wife was employed; and he had an undetermined amount of debts. Plaintiff had reason to believe that a continuance of the litigation would result in financial hardship, but it was not impossible for him to continue his action because of his financial condition, since he was in no sense a pauper. To the date of the hearing the plaintiff's attorney had not submitted a bill for his services. Other than the costs of filing the pleadings, it does not appear that the plaintiff expended any money on the litigation.

6. When the stipulation was entered into both the plaintiff and his counsel knew that actions involving issues similar to those raised in this case were pending in this District.

7. Since then, one of these actions, Mamula v. United Steelworkers of America, D.C., 198 F.Supp. 652, was decided in favor of the plaintiff in that action. The relief granted in that action is similar in some respects to that which plaintiff sought in this action.

## DISCUSSION

It does not appear to the court that plaintiff entered into the stipulation because of any mistake of law or excusable neglect. (Rule 60(b) (1).) At the time there were no precedents on the legal issues raised by plaintiff. Plaintiff was fully aware that other lawsuits had been filed in this District, involving similar legal issues which had not yet been decided; and he was aware that these issues had not been resolved by an appellate court in the federal system. His decision to stipulate to a dismissal of his action with prejudice was based upon a conscientious and informed estimate by his counsel of his legal chances; a weighing of the benefits to be derived against the prospective costs of litigation; and a determination to accept his Union's resolution of his grievances.

The mistake of law, if any there be, arises from hindsight, and not because of any neglect or incompetency on the part of plaintiff's counsel in construing the Labor-Management Reporting and Disclosure Act of 1959. The mistake, if any, is not one which would entitle plaintiff to relief.

Furthermore, there is no hint that plaintiff's counsel did not have authority

to enter into the stipulation. There is no evidence that the prospective court costs would be prohibitive or beyond plaintiff's means; he is not by any standard a pauper or even a poor man. There is no evidence that the stipulation was procured by coercion or fraud or under exceptional or compelling circumstances justifying the setting aside of the order of dismissal under Rule 60(b) (6). Cf. Federal Deposit Insurance Corp., to Use of Secretary of Banking v. Alker, 234 F.2d 113, 116–117 (3d Cir., 1956).

Since plaintiff clearly understood the effect of the stipulation, we think his action should not now be considered on its merits. He should not be relieved from a free, calculated and deliberate choice. Cf. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); O'Brien v. United States Steel Corporation, 25 F.R.D. 260 (W.D.Pa. 1960). As stated in Moore's Federal Practice, 2d ed., vol. 7, ¶ 60.22[2], pp. 234–235: ·

> "[G]enerally speaking a party who makes an informed choice as to a particular course of action will not be relieved of the consequences when it subsequently develops that the choice was unfortunate."

See also, ¶ 60.27[2], at p. 306. Even a change in the law subsequent to the stipulation would not justify vacating the order of dismissal. Cf. Title v. United States, 263 F.2d 28, 31 (9th Cir., 1959).

We note that Fleming v. Huebsch Laundry Corporation, 159 F.2d 581 (7th Cir., 1947), relied on by plaintiff, is quite distinguishable on its facts from the case sub judice.

### CONCLUSIONS OF LAW

1. The court has jurisdiction under Rule 60(b), Fed.R.Civ.P., to entertain the petition of the plaintiff for relief from the order of this court dismissing with prejudice the above entitled action.

2. Plaintiff is not entitled to relief from the stipulation and order entered pursuant thereto because of a misconception or mistake of law. Rule 60(b) (1).

3. Plaintiff has not demonstrated such extraordinary circumstances as to warrant relief under Rule 60(b) (6).

4. The petition for relief from the order of dismissal entered pursuant to a valid stipulation between the parties to this litigation should be denied.