387 A.2d 861

**COMMONWEALTH of Pennsylvania**

v.

**Harold DANIELS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1978.

Decided June 2, 1978.

Richard B. Schwartz, I. Michael Luber, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, W. Mark Sendrow, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Harold Daniels, was convicted by a jury of murder of the first degree, aggravated robbery and conspiracy in connection with the stabbing death of Francis George. Post-verdict motions were denied and appellant was sentenced to life imprisonment. On direct appeal, this court reversed appellant's conviction, holding that appellant was arrested without probable cause and that his confession was the product of an illegal arrest, thus requiring suppression of the statement. The case was remanded for a new trial. *Commonwealth v. Daniels,* 455 Pa. 552, 317 A.2d 237 (1974).

Prior to retrial, appellant filed a motion to suppress all evidence obtained as result of the illegal arrest. Before the suppression hearing, appellant's counsel and the district attorney stipulated that the identity of certain witnesses and the murder weapon had been disclosed to the Commonwealth by appellant's inadmissible statement. The suppression court then suppressed all of the evidence, as requested by appellant.

The Commonwealth then appealed to this court. We held that the court erred in suppressing the evidence, as the evidence in question was discovered from sources independent of appellant's confession. Justice Roberts, in a dissenting opinion, joined by Justice Manderino, stated that the majority had passed over what he believed to be the threshold question of whether the Commonwealth was bound by its stipulation. *Commonwealth v. Daniels,* 470 Pa. 523, 368 A.2d 1279 (1975).

Appellant filed a petition for reargument, which was granted. Subsequently, this court entered the following supplemental per curiam order:

"Case remanded to the Court of Common Pleas of Philadelphia for an evidentiary hearing and determination of whether the stipulation entered into by defense counsel and the Commonwealth is a valid and an enforceable stipulation." *Commonwealth v. Daniels,* 470 Pa. 523, 534, 368 A.2d 1279, 1284.

On remand, the court below entered an order vacating the stipulation. This appeal followed.

The facts concerning the stipulation are as follows. The prosecutor at the suppression hearing stipulated that certain evidence was obtained solely as a result of appellant's inadmissible statement. Shortly thereafter, the Commonwealth alleged in a petition that:

> "the Assistant District Attorney in the [suppression] proceeding . . . mistakenly entered into a stipulation of the facts solely as a result of erroneous representations by [Daniels' counsel]. . . . "

Pursuant to the order which this court granted on reargument, a hearing was held on March 2, 1977.

At the hearing, the prosecutor who had entered into the stipulation testified that during the time in question, he was assigned to the homicide calendar room, where his duties included the handling of all "pre-trial motions, motions to suppress, motions to quash, applications for discovery, applications for bail, and listing of cases and assignment of district attorneys to cases for trial." The prosecutor testified that he routinely handled fifteen to twenty matters per day.

The prosecutor also testified that he normally was well-versed with most of his cases, but admitted he was somewhat negligent in his handling of appellant's suppression motion. He did recall being told by defense counsel that the evidence in question was disclosed by appellant's confession. The prosecutor did not discover that he had mistakenly entered into the stipulation until an appeal had been filed.

After the hearing, the trial court held that the stipulation was invalid and unenforceable because it was at odds with the facts in the case. It is the propriety of this order with which we are now concerned.

The United States Supreme Court, in *Carnegie Steel Co. v. Cambria Iron Co.,* 185 U.S. 403, 444, 22 S.Ct. 698, 714, 46 L.Ed. 968 (1902), stated:

" . . . [W]hile the stipulation is undoubtedly admissible in evidence it ought not to be used as a pitfall, and where the facts subsequently developed show, with respect to a particular matter, that it was inadvertently signed, we think that upon giving notice in sufficient time to prevent prejudice to the opposite party, counsel may repudiate any fact inadvertently incorporated therein. This practice has been frequently upheld in this and other courts. *The Hiram,* 1 Wheat. 440, 4 L.Ed. 131; *Hurt v. Hollingsworth,* 100 U.S. 100, 103, 25 L.Ed. 569; *Malin v. Kinney,* 1 Caines, 117; *Barry v. Mut. Life Ins. Co.,* 53 N.Y. 536."

In *United States v. Kulp,* 365 F.Supp. 747, 763 (1973) (E.D.Pa.) the court stated:

"A court may allow a party to withdraw from a stipulation if the moving party can prove that he relied to his detriment on representations that were untrue, or that the stipulation stemmed from fraud, accident, mistake, inadvertence, surprise, or excusable neglect, or that some other reason justifies relief. See *Norwich Pharmacal Co. v. Rakway, Inc.,* 189 F.Supp. 348 (E.D.Pa.1960); *Rarick v. United Steelworkers of America,* 202 F.Supp. 902 (W.D. Pa.1962). *Norwich* notes that mere inadvertence or inattention of counsel is not enough to avoid a stipulation in the absence of fraud, accident or mistake.[1] *Rarick* holds that no relief from a stipulation will lie where it was

1. In *Norwich, supra,* a "fair-trade" case, the two parties were negotiating a possible consent decree, when the parties agreed that a preliminary injunction would be entered by stipulation. It was further decided that if the defendant did not file an answer within sixty days after entry of the preliminary order, that order would become final. Defendant, however, did not file an answer until seventy-two days after entry of the preliminary injunction. Defendant gave no reason to excuse its being late in filing the answer and for this reason, the court stated:

"We are convinced that stipulations voluntarily entered into by counsel for the parties with the approval of the Court must be given full force and effect in the absence of fraud, accident, or mistake. None is charged here. Mere inadvertence or inattention of counsel is not enough." *Id.* at 349.

*Norwich* is inapplicable, however, because here the prosecution alleges at least that it mistakenly entered into the stipulation.

based on the conscientious and informed estimate by counsel of the party's legal chances and where no showing is made that the stipulation was procured by coercion, fraud, or under exceptional or compelling circumstances. Cf. *United States v. Vasquez-Velasco,* 471 F.2d 294 (9th Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2163, 36 L.Ed.2d 692 (1973) (the court refused to allow a defendant to withdraw a guilty plea when the defendant discovered the chief government witness had died after the plea was entered). Where a court has felt it necessary to prevent an injustice, particularly where facts contrary to the stipulation are established by evidence, then the court may relieve a party from a stipulation. *Albee Homes, Inc. v. Lutman,* 274 F.Supp. 875 (E.D.Pa.1967), aff'd in part and dismissed in part, 406 F.2d 11 (3d Cir. 1969)."

In *Patulonis v. Locust Mt. Coal Co.,* 160 Pa.Super. 401, 403, 51 A.2d 352, 353 (1947), the court stated:

" . . . [T]he burden of proof is upon the petitioner to establish the right to have the agreement set aside by evidence reasonably satisfactory that a mistake has been made and that the mistake contemplated related to a fact or condition existing when the agreement sought to be reviewed, modified or set aside was executed."

We must determine if the prosecutor was mistaken when entering into the stipulation.

In making its determination, the court below agreed with our holding in *Commonwealth v. Daniels,* 470 Pa. 523, 526–27, 368 A.2d 1279, 1280 (1975), where we stated:

" . . . [T]he identity and statement of Diane Jones does not fall within the . . . rationale [of *Commonwealth v. Cephas,* 447 Pa. 500, 291 A.2d 106 (1972)] for two reasons. First, Diane Jones was the person who initially called the police and informed them that 'Dead Leg' (Daniels' nickname) may have committed the homicide. This information led the police to Daniels' residence, where Diane Jones was at the time preparing dinner. Second, Diane Jones voluntarily went to police headquarters with Daniels and thereafter voluntarily gave the

statement that is now in question. In the instant case, Diane Jones, unlike the witness in *Cephas,* was present because of her direct actions of calling the police with an anonymous 'tip', and voluntarily accompanying appellee to police headquarters and giving the police a statement of her own free will. Based on these facts, the testimony of Diane Jones does not fall within the *Cephas* rationale. Having decided the names of the above-mentioned witnesses were secured properly, we also find that the testimony of the witnesses that led to any further evidence or witnesses is also admissible."

We thus believe that the facts in this case are at variance with the questioned stipulation. Further, the prosecutor was not merely inadvertent and inattentive, but rather, he mistakenly relied on representations made by defense counsel. Under these circumstances, the stipulation was properly set aside.

Order vacating stipulation is affirmed. Case remanded for a new trial as ordered in *Commonwealth v. Daniels,* 455 Pa. 552, 317 A.2d 237 (1974).

ROBERTS, J., files a dissenting opinion in which MANDERINO, J., joins.

ROBERTS, Justice, dissenting.

On January 28, 1977, we remanded this case to the court of common pleas to determine whether the Commonwealth, on appeal from final adjudication by the suppression court of appellant's suppression motion, remains bound by the stipulation it entered in the suppression court. Accordingly, on March 2, 1977, the court of common pleas held a hearing at which co-counsel for appellant and attorneys for the Commonwealth presented testimony and argument concerning entry of the stipulation. The majority today affirms the order vacating the stipulation and remands for a new trial. Because the majority's conclusion that "the prosecutor was not merely inadvertent and inattentive, but rather, he mistakenly relied on representations made by defense counsel" is not supported by the record and because vacation of the

stipulation at this stage in the proceedings impeaches the integrity of the judicial process, I dissent.

The cases relied upon by the majority are inapplicable for in none did a party seek to withdraw a stipulation after entry of an order concluding the proceeding for which the stipulation was entered. As I concluded in my dissenting opinion in *Commonwealth v. Daniels,* 470 Pa. 523, 531, 368 A.2d 1279, 1283 (1975):

"[W]hatever may be the standards for relieving a party of his stipulations during the proceeding in which it is entered, it is improper to allow the Commonwealth to pursue a particular litigation strategy that includes a deliberate admission in open court that the facts are as represented and, when that strategy fails, have a second chance with what it hopes will be a more successful strategy."

Moreover, even if applicable, the cases relied upon by the majority do not entitle the Commonwealth to the relief granted. For example, in *Carnegie Steel Co. v. Cambria Iron Co.,* 185 U.S. 403, 444, 22 S.Ct. 698, 714–15, 46 L.Ed. 968 (1902), the United States Supreme Court stated "that, upon *giving notice in sufficient time to prevent prejudice to the opposite party,* counsel may repudiate any fact inadvertently incorporated [in the stipulation]." (Emphasis added.) Here, unlike *Carnegie,* appellant was given no notice of the Commonwealth's changed position until conclusion of the proceedings.

Even assuming that certain extraordinary circumstances in some situations might entitle a party to relief from its stipulation at this late stage in the proceedings, the Commonwealth has failed to establish any justifying circumstances. At the evidentiary hearing, the assistant district attorney who entered into the stipulation, when asked why he had not familiarized himself with the Daniels file before the April 25 suppression hearing, responded "because I was negligent." He testified that the statements taken from the Commonwealth's witnesses could have been obtained from the Commonwealth's files and were at all times available to the District Attorney's office. The district attorney was

unable to specify what information he had personally received which led him to believe that defense counsel had misrepresented facts. He stated that he had not relied solely upon defense counsel's representation in entering the stipulation, noting that contributing to his decision to enter the stipulation was a measure of egocentricity which impelled him to rise to the challenge of opposing a suppression motion on the basis of the law alone.

On the basis of this testimony, it is clear the Commonwealth has not shown that it exercised reasonable diligence in attempting to learn the facts or that it reasonably relied on defense counsel's representation of facts peculiarly within the knowledge of the police. Accordingly, the Commonwealth should not be allowed simply to discard its stipulations and have a second opportunity to carry its burden of proof. The Commonwealth has waived all issues concerning stipulated facts because it failed to litigate those facts at the suppression hearing. Cf. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (defendant waives issues not timely raised). Therefore, I dissent.

MANDERINO, J., joins in this dissenting opinion.